IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02273-CMA-KLM

TED ARCHULETA,

    Plaintiff,

v.

TERRY MAKETA, El Paso County Sheriff, individually and in his capacity as a paid peace officer and as an employee and/or agent of the El Paso County Sheriff's Office and the County of El Paso,
PAULA PRESLEY, Detention Bureau Chief, in her capacity as a paid peace officer and as an employee and/or agent of the El Paso County Sheriff's Office and the County of El Paso,
BOARD OF COMMISSIONERS, EL PASO COUNTY, COLORADO,
JENNIFER NAGLE, in her official capacity as a paid peace officer and as an employee and/or agent of El Paso County Sheriff's Office and the County of El Paso, and
JOHN DOES, individually and in their capacity as governmental officers,

    Defendants.
_____

## MINUTE ORDER
_____

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on **Defendants' Unopposed Motion for Leave to Depose Prisoner Pursuant to Fed.R.Civ.P. 30(a)(2)(B)** [Docket No. 30; Filed January 26, 2012] (the "Motion").

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. Pursuant to Fed. R. Civ. P. 30(a)(2)(B), the parties are permitted to take the deposition of Mario Alonzo Martinez at the El Paso Criminal Justice Center on February 13, 2012, as long as this date is agreeable to the correctional facility and to counsel for Mr. Martinez. Counsel for Mr. Martinez may be present at the deposition, and may object to any line of questioning directly related to Criminal Case Nos. 09CR3904 and 10M5745.

The Court reminds the parties that they must comply with the undersigned's discovery dispute procedure as prescribed by the Scheduling Order with regard to any potential discovery dispute. *See* [#28] at 5 (citing *Order* [#11] at 2, § E.1). No party may file a contested discovery motion until after complying with the steps for following the procedure, as stated below:

*Step 1*: Counsel meaningfully confer regarding one or more discovery disputes pursuant to Local Rule 7.1A. Counsel may choose to confer about only one dispute at a time or several disputes at once. This decision is up to counsel, not the Court.

*Step 2*: If discovery disputes are not resolved, counsel then agree on a mutually convenient time to call the Court at (303) 335-2770 for a discovery hearing regarding all disputes about which they have fully conferred but failed to reach agreement.

No attorney can insist on contacting the Court for a discovery hearing at a time when another attorney is not available. If an attorney is not available for a conference call to the Court for a discovery hearing when contacted by opposing counsel, s/he must provide opposing counsel with alternate dates and times to contact the Court. This eliminates the possibility that one party will have an unfair advantage over another in preparation for a discovery hearing.

The Court is not responsible for assuring that multiple counsel for the same party are on the line for a telephone hearing. The Court requires only one attorney of record on the line for each party involved in the dispute. If counsel for a party want co-counsel for the same party to participate in the telephone hearing, they are responsible for ensuring that co-counsel are available to participate on the date and time chosen by them for the hearing.

The Court will not continue hearings based on the sudden unavailability of co-counsel for a party. As long as each party involved in the dispute is represented by at least one attorney of record, the hearing will proceed.

*Step 3*: When counsel call the Court for the discovery hearing, the judge's law clerks will ask counsel questions relating to the nature of the dispute. The law clerks will consult with the judge as necessary. If the judge determines that any documents are required for review prior to the hearing, counsel will be instructed to email such documents to the Court's chambers, and the hearing will be set at a mutually convenient date and time in the future.

*Step 4*: If no documents are necessary for review and the judge is immediately available, the call will be transferred to the courtroom and the hearing will be conducted. If the judge determines that the matter is complex and briefing is required, the judge will set a briefing schedule. If the judge is not immediately available, the hearing will be set at a mutually convenient date and time in the future.

Dated:  January 27, 2012